UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAZ AIRK JOSHUA MCKENZIE,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON; UNITED STATES,<br><br>Defendants. | CASE NO. 2:23-cv-99<br><br>ORDER |

## 1. INTRODUCTION

Pro se Plaintiff Kaz Airk Joshua McKenzie pursues this action in forma pauperis (IFP). Dkt. No. 5. After reviewing the sufficiency of his complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds that McKenzie fails to state a claim on which relief may be granted. Rather than dismissing his case outright, however, the Court grants McKenzie leave to amend his complaint within 30 days of this Order to address the problems identified below to save his case from dismissal.

## 2. BACKGROUND

The Court granted McKenzie IFP status on February 14, 2023. Dkt. No. 6. At the time, United States Magistrate Judge Michelle L. Peterson "recommend[ed] the

ORDER - 1

complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons." Dkt. No. 6.

McKenzie brings claims under the Court's federal question jurisdiction, 28 U.S.C. § 1331, "for himself, and on behalf of all affected persons" against the State of Washington and the United States of America, alleging that "[t]he Sex Offender Registration National Act (SORNA) violates the Constitution's Fifth and Sixth Amendments." Dkt. No. 7 at 1, 4. McKenzie asserts that the State of Washington and the United States both apply SORNA and are therefore both in violation of the Constitution. *Id.* McKenzie asserts that "[e]very required registration is a new violation of that citizen's 5th and 6th Amendment rights" and that "[f]or Mr. McKenzie, the most recent violation of these rights is ongoing in Island County, Washington." *Id.*

McKenzie seeks (i) monetary damages in the amount of "$25,000 per year on the registry"; (ii) "[d]estruction of the registry that SORNA requires be maintained"; (iii) "[d]estruction of the criminal records of all citizens affected by SORNA or a comparable State Statute"; (iv) a Court order compelling "the immediate release of any citizen held for violation of SORNA or a comparable State statute"; and (v) "a Declaration and related Orders that SORNA and any analogous State statute is Unconstitutional, void, and [illegible]." *Id.*

### 3. DISCUSSION

When a plaintiff proceeds in forma pauperis, the court must dismiss the action if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam))). Yet, even so, the duties imposed on the Court by § 1915(e) are unwavering, and when an IFP plaintiff fails to state a claim on which relief may be granted, the action must be dismissed.

McKenzie challenges the constitutionality of the Sex Offender Registration National Act (SORNA), 34 U.S.C.A §§ 20901-20962, arguing that each sex offender registration compelled under SORNA violates that citizen's Fifth and Sixth Amendment rights. Dkt. No. 7 at 4. When challenging the constitutionality of a statute, a plaintiff may challenge the statute on its face—a facial challenge—or as the statute is applied in the plaintiff's particular circumstance—an as-applied challenge. *See Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). To prevail on a facial challenge, the plaintiff must generally show that "no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Because of this stringent standard, a facial challenge is "the most difficult challenge to mount successfully." *Id*. By contrast, an as-applied

ORDER - 3

challenge "contends that the law is unconstitutional as applied to the litigant's particular… activity, even though the law may be capable of valid application to others." *Foti*, 146 F.3d at 635.

McKenzie never specifies whether he challenges SORNA facially or as applied, so the Court considers his complaint under both theories. McKenzie's complaint provides only conclusory assertions of SORNA's facial unconstitutionality, devoid of facts and legal analysis. When considering whether a complaint states a justiciable claim on which relief may be granted, courts may not give credence to such conclusory assertions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Further, McKenzie does not address or distinguish any of the binding precedential authority upholding the constitutionality of SORNA. *See, e.g.*, *U.S. v. Juv. Male*, 670 F.3d 999, 1008-1014 (9th Cir. 2012) ("SORNA's requirements satisfy rational basis review and do not violate the Equal Protection Clause.") ("Given the high standard that is required to establish cruel and unusual punishment, we hold that SORNA's registration requirements do not violate the Eighth Amendment.") ("[SORNA does not implicate the Fifth Amendment protection against self-incrimination because it] does not require the disclosure of any information that

would constitute admission of an uncharged crime.") ("Given the limited range of rights that have been recognized as 'fundamental' for the purposes of substantive due process analysis, defendants have failed to establish a substantive due process violation.") ("[A]dequate procedural safeguards at the conviction stage are sufficient to obviate the need for any additional process at the registration stage."). To mount a non-frivolous facial constitutional attack against SORNA, McKenzie needs to plausibly demonstrate that binding precedent does not preclude his claim.

As for a potential as-applied challenge, the appropriate inquiry at this stage is whether McKenzie has sufficiently alleged plausible constitutional violations. But McKenzie's factual allegations on this front are unclear, inexplicit, and indirect, stating only that "[f]or Mr. McKenzie, the most recent violation of these rights is ongoing in Island County, Washington." *Id.* This is not enough to state a plausible claim that SONRA is unconstitutional as applied.

McKenzie's complaint suffers from other defects as well. McKenzie appears to seek monetary relief against defendants who are immune from such relief. Generally, to state a claim against the U.S. Government, a plaintiff must assert compliance with the Federal Tort Claims Act's administrative requirements or identify some other waiver of the Government's sovereign immunity. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, ... , and, as such, should be affirmatively alleged in the complaint. A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite."); *see also Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("The United States,

as sovereign, can only be sued to the extent it has waived its sovereign immunity."). Likewise, the State of Washington enjoys sovereign immunity under the Eleventh Amendment. *See* U.S. Const. Amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *see also Hans v. Louisiana*, 134 U.S. 1 (1890) (holding that Eleventh Amendment immunity extends to suits against a State or its agencies by citizens of that same State); *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) ("The Eleventh Amendment generally bars the federal courts from entertaining suits brought by a private party against a state or its instrumentality in the absence of state consent."). Litigants attacking the constitutionality of government action must generally sue not the sovereign itself, but rather individual government officers—whether in their official capacities (for declaratory/injunctive relief), individual capacities (for monetary relief), or both (for both types of relief). Alternatively, litigants may bring official-capacity actions against *local* government units/agencies under *Monell*. *See Monell*, 436 U.S. 658 (1978).

Finally, on a technical point, McKenzie failed to sign his complaint as required by the Federal Rules. Dkt. No. 7 at 5 (unsigned signature page); *see* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). This failure represents an additional potential ground for dismissal.

For all the above-stated reasons, the Court concludes that McKenzie's complaint does not state a claim on which relief may be granted and seeks monetary relief against defendants who are immune from such relief—and therefore cannot proceed. The Court orders McKenzie, within thirty (30) days of this Order, to submit an amended complaint—properly signed and certified—that fixes the above-discussed pleading deficiencies.

### 4.     CONCLUSION

The Court FINDS that the complaint, Dkt. No. 7, fails to state a claim on which relief may be granted and seeks monetary relief against defendants who are immune from such relief. The Court GRANTS McKenzie leave to amend the complaint and ORDERS McKenzie, within thirty (30) days of this Order, to submit an amended and properly signed complaint that states a claim on which relief may be granted. Failure to do so will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

It is so ORDERED.

Dated this 10th day of October, 2024.

Jamal N. Whitehead
United States District Judge